















RXC    4/29/02    10:47

3:02-CV-00807    ANDRADE V. BRAWLEY CITY OF

*1*

*CMP.*

1  RONALD E. SERNA, Esq. (SBN 187978)
   Attorney at Law
2  1005 State Street
   El Centro,  CA  92243
3  Off: 760.352.3130
   Fax: 760.352.4763
4
   Attorney for Plaintiff
5  FRANK ANDRADE, Jr.

6

7

8              UNITED STATES DISTRICT COURT

9        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10  FRANK ANDRADE, Jr.,            )    CASE NO:
                                   )
11                                 )    COMPLAINT AND DEMAND FOR
                                   )    JURY TRIAL
12                Plaintiff,       )
                                   )    '02 CV  0807 H (LAB)
13                                 )    1.   Civil Rights Violation
       vs.                         )    2.   Assault
14                                 )    3.   Battery
                                   )    4.   Negligence
15  CITY OF BRAWLEY, a political   )    5.   Intentional Infliction
    subdivision of the State of    )         of Emotional Distress
16  California; HENRY GRAHAM, as Chief )  6.  Negligent Infliction
    of Police for City of Brawley; )         of Emotional Distress
17  THREE (3) UNNAMED/UNKNOWN POLICE )   7.  Negligent Supervision
    OFFICERS OF THE CITY OF BRAWLEY, )       and Training
18  individually and as Officers of )
    the City of Brawley; CITY OF   )
19  CALIPATRIA, a political subdivision)
    of the State of California; REGGIE )
20  GOMEZ, as Chief of Police for City )
    of Calipatria; OFFICER ERIC   )
21  GRANADOS, individually and as  )
    an Officer of the City of      )
22  Calipatria; and DOES 1 THROUGH 20, )
    INCLUSIVE,                     )
23                                 )
                                   )
24                                 )
                  Defendants.      )
25  _____)

26      Plaintiff alleges:

27           INTRODUCTION/JURISDICTION

28  1.   This is an action for monetary damages and is brought pursuant

                      - 1 -
   PLAINTIFF ANDRADE'S COMPLAINT FOR DAMAGES

1  to 42 U.S.C. § 1981 and 1983, for personal injury and deprivation of
2  constitutional rights under color of state law, and for violation of
3  the United States Constitution, including, but not limited to the
4  Fourth, Fifth, Sixth, and Fourteenth Amendments, and for State Tort
5  Claims. Plaintiff allege that defendants made an unlawful traffic stop,
6  unlawfully searched plaintiff by unlawfully drawing blood using
7  excessive force, assaulted plaintiff, and caused him the loss of use of
8  personal property through its unlawful removal and storage.

9  　　2.   By this action plaintiff seeks all legal and equitable relief
10 to which he may be entitled, including, but not limited to compensatory
11 and punitive damages, attorney's fees and costs, prejudgment interest,
12 and injunctive relief as against all defendants.

13 　　3.   Subject matter jurisdiction is founded on 28 U.S.C. § 1331 and
14 1343, and upon the aforementioned Federal statutory and Constitutional
15 provisions.  State Tort Claims subject matter jurisdiction is founded
16 upon this court's Pendant Jurisdiction.

17 　　　　　　　　　　　　GENERAL ALLEGATIONS

18 　　4.   Plaintiff realleges's paragraphs 1 through 3, above, as though
19 fully set forth herein.

20 　　5.   At all times herein mentioned, plaintiff FRANK ANDRADE, Jr.
21 (at times referred to as PLAINTIFF, or Plaintiff ANDRADE) was, and now
22 is, a person within the jurisdiction of the United States, a resident of
23 the City of Calipatria, County of Imperial, and resides at 6505 Sperry
24 Road, in that city.

25 　　6.   At all times herein mentioned, defendant CITY OF BRAWLEY
26 (Defendant BRAWLEY, or City of BRAWLEY) was a political subdivision of
27 the State of California, and a municipal governmental entity, organized
28 and existing under the laws of the State of California, with its place

PLAINTIFF ANDRADE'S COMPLAINT FOR DAMAGES

1  of business in County of Imperial.

2      7.   At all times herein mentioned, defendant HENRY GRAHAM (GRAHAM
3  or CHIEF GRAHAM) was Chief of Police of defendant city and was acting
4  under color of law and color of his authority as police chief of
5  defendant city, and under color of the statutes, ordinances,
6  regulations, customs, and usages of the State of California, the City of
7  Brawley, and the City of Brawley Police Department, pursuant to the
8  official policy of defendant municipality as created by the Chief of
9  Police, acting under color of his authority as such.

10     8.   At all times herein mentioned, defendants THREE   (3)
11 UNNAMED/UNKNOWN POLICE OFFICERS OF THE CITY OF BRAWLEY (THREE   (3)
12 UNKNOWN OFFICERS) were police officers of defendant City of Brawley and
13 were acting under color of law and color of their authority as police
14 officers of defendant City of Brawley, and under color of the statutes,
15 ordinances, regulations, customs, and usages of the State of California,
16 the City of Brawley, and the City of Brawley Police Department, pursuant
17 to the official policy of defendant BRAWLEY municipality as created by
18 the Chief of Police, acting under color of his authority as such.

19     9.   Defendant GRAHAM, as police chief of defendant City of
20 Brawley, is responsible for the acts of the police officers of defendant
21 BRAWLEY while in the performance of their duties as police officers for
22 defendant city of BRAWLEY.  Defendant police chief GRAHAM, as police
23 chief of defendant city of Brawley, is also responsible for the ongoing
24 training of the police officers of defendant city of Brawley to ensure
25 that those officers are competent to carry out their assigned duties.

26     10.  At all times herein mentioned, defendant CITY OF CALIPATRIA
27 (Defendant CALIPATRIA, or City of CALIPATRIA) was a political
28 subdivision of the State of California and a municipal governmental

PLAINTIFF ANDRADE'S COMPLAINT FOR DAMAGES

1  entity, organized and existing under the laws of the State of
2  California, with its place of business in County of Imperial.

3      11.  At all times herein mentioned, defendant REGGIE GOMEZ (GOMEZ
4  or CHIEF GOMEZ) was Chief of Police of defendant city of CALIPATRIA and
5  was acting under color of law and color of his authority as police chief
6  of defendant CALIPATRIA, and under color of the statutes, ordinances,
7  regulations, customs, and usages of the State of California, the City of
8  Calipatria, and the City of Calipatria Police Department, pursuant to
9  the official policy of defendant CALIPATRIA municipality as created by
10  the Chief of Police, acting under color of his authority as such.

11      12.  At all times herein mentioned, defendant ERIC GRANADOS
12  (GRANADOS) was a police officer of defendant City of Calipatria, and was
13  acting under color of law and color of his authority as police officer
14  of defendant City of Calipatria, and under color of the statutes,
15  ordinances, regulations, customs, and usages of the State of California,
16  the City of Calipatria, and the City of Calipatria Police Department,
17  pursuant to the official policy of defendant CALIPATRIA municipality as
18  created by the Chief of Police, acting under color of his authority as
19  such.

20      13.  Defendant GOMEZ, as police chief of defendant City of
21  Calipatria, is responsible for the acts of the police officers of
22  defendant CALIPATRIA while in the performance of their duties as police
23  officers for defendant city of CALIPATRIA.  Defendant police chief
24  GOMEZ, as police chief of defendant city of Calipatria, is also
25  responsible for the ongoing training of the police officers of defendant
26  city of Calipatria to ensure that those officers are competent to carry
27  out their assigned duties.

28      14.  Plaintiff is informed and believes, and thereupon alleges, at

- 4 -

PLAINTIFF ANDRADE'S COMPLAINT FOR DAMAGES

all times herein mentioned defendants DOES 1 THROUGH 20, INCLUSIVE, were police officers of the City of Brawley or of the City of Calipatria, reside in the County of Imperial, and were acting under color of law and color of their authority as police officers of defendant city of Brawley or Calipatria, and under color of the statutes, ordinances, regulations, customs, and usages of the State of California, the City of Brawley or Calipatria, and the City of Brawley or Calipatria Police Department, pursuant to the official policy of defendant municipality as created by the Chief of Police, acting under color of their authority as such.

15.   The true names or capacities of defendants DOES 1 THROUGH 20 are unknown to Plaintiff, who therefore sues said defendants by said fictitious names.   Plaintiff will amend this complaint to show said defendants's true names and capacities when ascertained.   Plaintiff is informed and believes, and thereon alleges, that all defendants sued herein as DOES are in some manner responsible for the acts and injuries alleged herein.

16.   Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein each of the defendants was the agent, servant and/or employee of each other and/or of defendant City of Brawley or Calipatria, and were, in doing the acts herein alleged, acting within the course and scope of their agency and/or employment and with the permission, consent and authority of their co-defendants and each of them, and is legally responsible in some manner for the occurrences herein alleged.

17.   On October 16, 2001, plaintiff ANDRADE filed with defendant CITY OF CALIPATRIA a CLAIM AGAINST PUBLIC ENTITY.   A copy of that claim is attached to this complaint, marked Exhibit "A", and incorporated by reference.

PLAINTIFF ANDRADE'S COMPLAINT FOR DAMAGES

1      18.  On or about October 26, 2001, defendant CITY OF CALIPATRIA

2   served its NOTICE OF REJECTION.  A copy of that rejection is attached to

3   this complaint, marked Exhibit "B", and incorporated by reference.

4      19.  On October 17, 2001, plaintiff ANDRADE filed with defendant

5   CITY OF BRAWLEY a CLAIM AGAINST PUBLIC ENTITY.  A copy of that claim is

6   attached to this complaint, marked Exhibit "C", and incorporated by

7   reference.

8      20.  On or about November 21, 2001, defendant CITY OF CALIPATRIA

9   served its NOTICE OF REJECTION.  A copy of that rejection is attached to

10   this complaint, marked Exhibit "D", and incorporated by reference.

11   <u>FACTUAL ALLEGATIONS</u>

12      21.  Plaintiff realleges's paragraphs 1 through 20, above, as though

13   fully set forth herein.

14      22.  On or about the late hours of April 27, 2001, or early hours

15   of April 28, 2001, defendant GRANADOS effected a traffic stop of

16   plaintiff.  Without any back-up or assistance from another officer,

17   Defendant GRANADOS walks up to plaintiff's vehicle and informs plaintiff

18   the reason for stopping him.  Defendant GRANADOS told plaintiff he was

19   being stopped because "we got a report of a stolen corvette".

20   Plaintiff's vehicle was a corvette.

21      23.  Upon further questioning and investigation, defendant GRANADOS

22   informs plaintiff that plaintiff is driving without proper registration.

23   Defendant GRANADOS then observes an open container in plaintiff's

24   vehicle.  Defendant GRANADOS requests plaintiff perform some field

25   sobriety tests.  Plaintiff performs three (3) field sobriety tests.

26      24.  Defendant GRANADOS tells plaintiff he is uncertain as to

27   whether plaintiff was drunk.  Defendant GRANADOS said "I have to take

28   you in for further testing".  Plaintiff is then handcuffed with hands

PLAINTIFF ANDRADE'S COMPLAINT FOR DAMAGES

behind his back, placed in the back seat of the patrol car, and is taken to the Calipatria Police department.

25.   At the police station, Defendant GRANADOS parks in front, goes inside the police station, and leaves plaintiff in the police car.   At this time other unknown police officers arrive.   These officers enter the police station.   While this is occurring, plaintiff manages to bring his handcuffed hands to his front, where he is no longer handcuffed with his hands in his back.

26.   Sometime later the police officers exit the police station. Defendant GRANADOS then observes plaintiff with his handcuffed hands in front of him.   This angers defendant GRANADOS, words are exchanged, and defendant GRANADOS then tells plaintiff "you're going to pay for this". Excessive force is then used to tie plaintiff's hands to his waist using some type of plastic "band".   Defendant GRANADOS also squeezes the handcuffs tighter around plaintiff's wrist, causing plaintiff's wrist to bleed.

27.   Defendant GRANADOS then drives plaintiff to County jail. While en route, Defendant GRANADOS tells plaintiff he is going to have to do a breath test.   Plaintiff tells GRANADOS he doesn't trust the breath machine and would prefer a urine test.   GRANADOS states "we only do breath tests".

28.   Also while en route to the County jail, plaintiff complains to GRANADOS that the handcuffs are too tight and that his wrist are bleeding.   This complaint is ignored by GRANADOS.

29.   Defendant GRANADOS and plaintiff finally arrive at the County jail. As they are walking towards the building Plaintiff again requests his handcuff's be loosened and complains about the bleeding.   Defendant GRANADO's simply states, "shut-up and keep walking".

30.   While inside the County jail, plaintiff is placed inside a room and defendant GRANADOS goes into another room and begins writing on some paper.  A deputy Sheriff then enters the room along with defendant GRANADOS and they begin to explain the test procedures to plaintiff. Plaintiff again expresses to defendant GRANADOS and the deputy sheriff that he does not trust the machine, refuses the breath test, and tells them he would do a urine test.

31.   After further discussion and argument, defendant GRANADOS gets angry and states to plaintiff "that's it, you're going to take a blood test" and pulls, pushes and shoves plaintiff to the police vehicle. While en route to the Hospital to have the blood drawn, Plaintiff explains to GRANADOS that he doesn't want to have blood drawn from his person because of personal reasons.  Plaintiff attempts to explain but GRANADOS tells him to shut-up.

32.   Plaintiff and GRANADOS arrive at Pioneers Memorial Hospital, Brawley, California.  Plaintiff explains to both the doctor and GRANADOS that he doesn't want to have blood drawn from him because of religious beliefs and because of what happened to his mother as a result of blood being drawn from her.

33.   The doctor tells GRANADOS he cannot draw blood from Plaintiff because Plaintiff has refused and he can't take blood by force. Defendant GRANADOS ignores the doctor and radios Brawley Police Department for assistance.

34.   Three (3) unknown Brawley Police officers arrive.  The three (3) unknown officers and GRANADOS grab Plaintiff by the legs, shoulders and arms and begin applying pain and pressure on plaintiff in order to forcefully have blood drawn from him.  Before the pain became excruciating, Plaintiff yells to the three (3) officers and GRANADOS

PLAINTIFF ANDRADE'S COMPLAINT FOR DAMAGES

1   that he will submit to taking the breath test.  The three (3) unknown
2   officers and GRANADOS ignore Plaintiff and continue to exert pain upon
3   plaintiff.  The pressure and pain continues.  Plaintiff then yells to
4   the three (3) officers and GRANADOS that he will submit to having his
5   blood drawn if they will undo the handcuffs.

6       35.  The three (3) unknown officers and GRANADOS continue to ignore
7   plaintiff and continue exerting pain and pressure.  The doctor, or his
8   assistant, finally draws two vials of blood from Plaintiff.  After the
9   blood is drawn the three (3) unknown officers and GRANADOS continue with
10  their excessive force and continue to exert unreasonable pain upon
11  plaintiff.  Plaintiff is finally removed from the hospital, placed in
12  the police car, and transported and booked into the Imperial County
13  Jail.

14      36.  As a result of the above, on the above mentioned date, time
15  and location, defendants, and each of them wrongfully and unlawfully
16  threatened and struck plaintiff, and subjected him to wrongful, unlawful
17  and excessive force.  Defendants' had no true exigency to forcefully
18  withdraw blood from Plaintiff.  Other more reasonable methods of
19  obtaining the blood alcohol content of Plaintiff were readily available
20  and were willing to be submitted to by Plaintiff.

21      37.  As a proximate result of defendants' action against plaintiff,
22  as alleged above, plaintiff has been harmed in that plaintiff sustained
23  cut wrists, bruises and abrasions, otherwise was injured, subjected to
24  humiliation and indignity, and suffered great physical and mental pain
25  and suffering, all to his damage in an amount according to proof.

26      38.  The above recited actions of defendants in depriving plaintiff
27  of his constitutionally protected rights were done with evil motive or
28  intent, or with reckless or callous indifference to plaintiffs' rights,

1   all to his damage in an amount according to proof.

2   39.   The above recited actions of defendants three (3) unknown
3   officers in depriving plaintiff of his constitutionally protected rights
4   evidences Defendant Chief of Police GRAHAM's negligence in the training
5   of these defendants, and, as a result of that negligence the matters
6   alleged above occurred.

7   40.   The above recited actions of defendant GRANADOS in depriving
8   plaintiff of his constitutionally protected rights evidences Defendant
9   Chief of Police GOMEZ's negligence in the training of defendant
10  GRANADOS, and, as a result of that negligence the matters alleged above
11  occurred.

12                      <u>FIRST CAUSE OF ACTION</u>

13              42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION

14  41.   Plaintiff realleges's paragraphs 1 through 40, above, as though
15  fully set forth herein.

16  42.   The conduct of defendants' deprived plaintiff of, but not
17  limited to, the following rights, privileges and immunities secured to
18  him by the Constitution of the United States:

19          (a)   The right of plaintiff to be secure in his person and
20  effects against unreasonable search and seizure under the Fourth and
21  Fourteenth Amendments to the Constitution of the United States;

22          (b)   The right of plaintiff not to be deprived of life,
23  liberty, or property without due process of law, and the right to the
24  equal protection of the laws, secured by the Fourteenth Amendment to the
25  Constitution of the United States; and,

26          (c)   The right of plaintiff to be free from excessive force
27  and physical abuse under the Fourth and Fourteenth Amendments to the
28  Constitution of the United States.

43. As a result of the above recited facts and allegations, defendants violated plaintiff's constitutional rights as noted above.

44. The acts of defendants were performed knowingly, intentionally, and maliciously, by reason of which plaintiff is entitled to an award of punitive damages according to proof.

45. Furthermore, by the acts recited above, plaintiff alleges that individuals, including defendants GRAHAM and GOMEZ, who had final policy making authority within their entity knew, or should have known, of policy violations and/or violations of law and failed to act accordingly to remedy said violations. Said failure to act or rationalization of and approval of the aforementioned acts resulted in a deliberate policy of indifference, custom and/or usage which was the direct and proximate cause of the plaintiff's deprivations of rights under the Fourth, Fifth, and Fourteenth amendments to the United States Constitution.

46. As a direct and proximate result of the deprivations suffered by plaintiff's caused by the actions of defendants, plaintiff has sustained damage as herein above alleged according to proof.

<u>SECOND CAUSE OF ACTION</u>

BATTERY

47. Plaintiff reallege's paragraphs 1 through 46, above, as though fully set forth herein.

48. On the above stated date, time, and location, defendants GRANADOS and THREE (3) UNKNOWN OFFICERS acted with the intent to cause a harmful and offensive contact with plaintiff as herein above described, and a harmful and offensive contact with plaintiff directly resulted as herein above alleged.

49. At no time did plaintiff consent to any of the acts of defendants as alleged.

PLAINTIFF ANDRADE'S COMPLAINT FOR DAMAGES

50. As a proximate result of the acts of defendants as alleged, plaintiff has been damaged as herein above recited according to proof.

51. The aforementioned and herein above recited conduct of defendant was willful and malicious and was intended to oppress and cause injury to plaintiff. Plaintiff is therefore entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

52. Plaintiff reallege's paragraphs 1 through 51, above, as though fully set forth herein.

53. On the above stated date, time, and location, defendants GRANADOS, THREE (3) UNKNOWN OFFICERS, and DOES, as police officers, owed a duty of care to plaintiff to ensure plaintiff's Constitutional rights were protected and not violated and that no harm would come to plaintiff during defendants exercise of its responsibilities as a police officer.

54. On the above stated date, time, and location, defendants GRANADOS, THREE (3) UNKNOWN OFFICERS, and DOES negligently performed their duties as law enforcement officers by acting in the above described manner.

55. As a direct and legal result of the negligent acts of defendants GRANADOS, THREE (3) UNKNOWN OFFICERS, and DOES, plaintiffs have been damaged as herein above described, in an amount according to proof.

### FOURTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. Plaintiff reallege's paragraphs 1 through 55, above, as though fully set forth herein.

57. On the above stated date, time, and location, defendants

1  GRANADOS, THREE (3) UNKNOWN OFFICERS, and DOES herein above described
2  conduct toward plaintiff was outrageous, rude, and insolent.

3      58. On the above stated date, time, and location, defendants
4  GRANADOS, THREE (3) UNKNOWN OFFICERS, and DOES above described conduct
5  was intentional and malicious and done for the purpose of causing
6  plaintiff to suffer humiliation, mental anguish, and emotional and
7  physical distress.

8      59. As a proximate result of the acts as herein above alleged,
9  plaintiff has suffered humiliation, mental anguish, and emotional and
10 physical distress, and has been injured in mind and body, all to
11 plaintiff's damage according to proof.

12     60. The acts of defendants alleged above were willful, wanton,
13 malicious and oppressive, and justify the awarding of exemplary and
14 punitive damages.

15 <u>FIFTH CAUSE OF ACTION</u>

16 NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

17     61. Plaintiff reallege's paragraphs 1 through 60, above, as though
18 fully set forth herein.

19     62. On the above stated date, time, and location, defendants
20 GRANADOS, THREE (3) UNKNOWN OFFICERS, and DOES, as police officers, owed
21 a duty of care to plaintiff to ensure plaintiff's Constitutional rights
22 were protected and not violated and that no harm would come to plaintiff
23 during defendants exercise of its responsibilities as a police officer.

24     63. Defendants knew, or should have know, that their failure to
25 exercise due care in the performance of their responsibilities to
26 plaintiff would cause plaintiff severe emotional distress.

27     64. On the above stated date, time, and location, defendants
28 negligently performed their duties as law enforcement officers by acting

1 | in the herein above described manner.

2 |    65.  As a proximate result of defendant's herein above described

3 | conduct, plaintiff has suffered severe emotional distress and mental

4 | suffering, humiliation and embarrassment, as herein above described, in

5 | an amount according to proof.

6 | SIXTH CAUSE OF ACTION

7 | NEGLIGENT SUPERVISION AND TRAINING

8 |    66.  Plaintiff realleges's paragraphs 1 through 65, above, as though

9 | fully set forth herein.

10 |    67.  Plaintiff is informed and believes and thereon alleges that in

11 | doing the acts as heretofore alleged, defendants CITY OF BRAWLEY, CITY

12 | OF CALIPATRIA, HENRY GRAHAM and REGGIE GOMEZ knew, or in the exercise of

13 | reasonable diligence should have known, that their employees, defendants

14 | THREE (3) UNKNOWN OFFICERS and GRANADOS, respectively, were neither

15 | qualified nor able to exercise their duty as police officers to ensure

16 | an individual citizens constitutional rights were protected, and that an

17 | undue risk to persons such as plaintiff would exist because of this lack

18 | of ability unless defendants CITY OF BRAWLEY, CITY OF CALIPATRIA, HENRY

19 | GRAHAM and REGGIE GOMEZ, respectively, adequately trained and supervised

20 | defendants THREE (3) UNKNOWN OFFICERS and GRANADOS, respectively, in the

21 | exercise of the tasks of their employment.

22 |    68.  Notwithstanding the knowledge that defendants THREE (3)

23 | UNKNOWN OFFICERS and GRANADOS was neither qualified nor able to ensure

24 | an individual citizens constitutional rights were protected, defendants

25 | CITY OF BRAWLEY, CITY OF CALIPATRIA, HENRY GRAHAM and REGGIE GOMEZ did

26 | not adequately train or supervise defendants THREE (3) UNKNOWN OFFICERS

27 | and GRANADOS, respectively, in their performance of their duties and

28 | responsibilities as police officers.

69.   The failure of defendants CITY OF BRAWLEY, CITY OF CALIPATRIA, HENRY GRAHAM and REGGIE GOMEZ to adequately train and supervise defendants THREE (3) UNKNOWN OFFICERS and GRANADOS was the proximate cause of plaintiff's injury, as herein above alleged.

70.   Despite this advance knowledge, defendants CITY OF BRAWLEY, CITY OF CALIPATRIA, HENRY GRAHAM and REGGIE GOMEZ allowed defendants THREE (3) UNKNOWN OFFICERS and GRANADOS, respectively, to perform their duties and responsibilities as police officers for their respective agencies and cities, in conscious disregard of the rights and safety of others.   As a result of this conscious disregard of the rights of plaintiff, an award of punitive damages against defendants CITY OF BRAWLEY, CITY OF CALIPATRIA, HENRY GRAHAM and REGGIE GOMEZ, is warranted.

*WHEREFORE*,   Plaintiff   requests   judgment   as   follows   against defendants and each of them:

AS TO FIRST CAUSE OF ACTION:

1.   For general/compensatory damages in an amount according to proof;

2.   For medical expenses in an amount according to proof;

3.   For punitive damages in an amount appropriate to punish defendants for their wrongful conduct and set an example for others;

4.   For reasonable attorney's fees pursuant to Title 42 of the United States Code, section 1988(b);

5.   For costs of suit herein incurred; and,

6.   For such other and further relief as the court deems proper.

///

///

///

1   AS TO ALL OTHER CAUSES OF ACTION:

2      1.   For general/compensatory damages in an amount according to

3 proof;

4      2.   For medical expenses in an amount according to proof;

5      3.   For punitive damages in an amount appropriate to punish

6 defendants for their wrongful conduct and set an example for others;

7      4.   For reasonable attorney's fees;

8      5.   For costs of suit herein incurred; and,

9      6.   For such other and further relief as the court deems proper.

10 DATED:  April 25, 2002

11

12

13                RONALD E. SERNA
               Attorney for Plaintiff
               FRANK ANDRADE, Jr.

14

15                **DEMAND FOR JURY TRIAL**

16     Plaintiff in the above-entitled action requests a trial by jury as

17 provided by Amendment VII of the United States Constitution and by Rule

18 38 of the Federal Rules of Civil Procedure.

19 DATED:  April 25, 2002

20

21                RONALD E. SERNA

22                Attorney for Plaintiff
               FRANK ANDRADE, Jr.

23

24

25

26

27

28

PLAINTIFF ANDRADE'S COMPLAINT FOR DAMAGES



**RONALD E. SERNA, Esq.**
**LAW OFFICE OF RONALD E. SERNA**
Attorney at Law
1005 State Street
El Centro, CA  92243
Office::   (760) 352.3130
Facsimile: (760) 352.4763
sernalaw@msn.com

RECEIVED

OCT 1 6 2001

City of Calipatria

*Catherine Hoff*
1:50PM

**October 16, 2001**

## *CLAIM AGAINST PUBLIC ENTITY*
(Government Code §§ 905, 905.2, 910, 910.2)

TO:   CITY OF CALIPATRIA
P.O. Box 167
125 N. Park Avenue
Calipatria,  CA  92233

FRANK ANDRADE, Jr., Claimant, hereby makes claim against the CITY OF CALIPATRIA and the CALIPATRIA POLICE DEPARTMENT and makes the following statements in support of the claim:

1.      Claimant's post office address is P.O. Box 1178, Calipatria, California 92233.

2.      Notices concerning the claim should be sent to claimant and Ronald E. Serna, Attorney at Law, 1005 State Street, El Centro, California 92243.

3.      The date and place of the incident giving rise to this claim are April 27, 2001, at approximately 10:30 p.m., and continuing thereafter., while in the custody of the Calipatria Police Department, and at the City of Calipatria, at the Calipatria Police Department, at the Imperial County Jail, and while at Pioneer's Memorial Hospital.

4.      The circumstances giving rise to this claim are as follows:

At the above noted date, time, claimant was operating his vehicle in the City of Calipatria.  Calipatria Police stopped his vehicle because they claimed the vehicle claimant was operating allegedly matched the description of a stolen vehicle.  Claimant was subsequently arrested for drunk driving.  Claimant was handcuffed with his hands behind his back and placed in the patrol car.

*EXH A, P.1*

City of Calipatria
re:    Frank Andrade
October 16, 2001
page - 2 -

Claimant was transported to the Calipatria Police Department. While there, claimant complained that the handcuff's were too tight. This was ignored by Calipatria Police. In an attempt to ease the pain, claimant maneuvers his body so that his hands are now in front of him while still handcuffed. Calipatria Police officer states to claimant, "your going to pay for this". Calipatria Police Officer then uses excessive force to tie claimants hands to his waist while claimant is still handcuffed. Sometime thereafter, Calipatria Police transports claimant to the County Jail. Calipatria Police informs claimant that claimant is going to take the breath test. Claimant requests to do a urine test. Calipatria Police states to claimant, "we only do breath tests". Claimant demands a urine test. Calipatria Police again tells claimant he (claimant) is going to do a breath test. While en route to County Jail, Claimant complains that Calipatria Police officer is driving too fast and recklessly, requesting he slow down. Calipatria Police tells claimant to shut up, and turns off interior light so that claimant could not read the speedometer. Calipatria Police Officer continues to drive excessively fast and reckless, causing claimant to move about unrestrained inside the police car, while still handcuffed, endangering the occupants of the vehicle, including the citizen ride along. At the County Jail, claimant again complains about the tightness of his handcuffs, which now causes bleeding from claimants wrists. Calipatria Police tells claimant, "shut up". Claimant again demands/requests to do a urine test and that he refuses to do a breath test. At this point, while exhibiting an unprofessional manner, Calipatria Police gets excessively angry and yells at claimant, "that's it, your going to take a blood test". Calipatria Police uses excessive force again, literally pulling claimant from the jail and throw's claimant into the patrol car, en route to the hospital. At Pioneer's hospital, claimant again states to Calipatria police his desire/demand to take a urine test. Claimant also explains to Calipatria Police his reasons for not wanting to take the breath test and his reasons for not wanting to have blood drawn. Claimant also explains to the Doctor at Pioneers Hospital that he doesn't want his blood drawn. The Doctor then refuses to draw blood because of claimants requests/demands. Doctor tells Calipatria Police that he can't forcibly take claimants blood. Calipatria Police Officer gets more enraged and hostile, and calls for back-up. Three (3) other Police Officers arrive. It is believed these officers are Brawley Police Officers. A struggle ensues between these officers and claimant, with the officers using unreasonable and excessive force in an attempt to draw

EXH A, p.2

City of Calipatria
re:     Frank Andrade
October 16, 2001
page - 3 -

claimants blood. Claimant then concedes to the excessive force and informs Calipatria Police he will let them draw his blood. Claimant again also requests they either undue or loosen the handcuffs. Calipatria Police states, "I've had enough of your shit", and continues applying force to withdraw claimants blood. Two (2) vials of blood are taken from claimant. Claimant is then taken back to County Jail and booked.

5.      Claimant's injuries are: pain and suffering, mental stress, anguish and humiliation, swelling and bleeding of wrist, bruising and strain upon his physical person.

6.      The names of the public employee's causing the claimant's injuries are:

Eric Granado, Calipatria Police Department.
Three (3) unknown Police Officers, believed to be from Brawley Police Department..

7.      As a result of the wrongful conduct of the Calipatria Police Officer, claimant's claim is in an amount that would place it within the jurisdiction of the Superior Court. The claim is based on physical and mental damages, in an amount to be proven.

DATED:      October 16, 2001

RONALD E. SERNA
On Behalf of Claimant
FRANK ANDRADE

EXH A, p.3

# KRUTZSCH & SMERDON

**A LIMITED LIABILITY PARTNERSHIP**
INCLUDING A PROFESSIONAL CORPORATION
**ATTORNEYS AT LAW**
104 WEST "I" STREET
BRAWLEY, CALIFORNIA 92227-2326

ANDREW S. KRUTZSCH, A.P.C.
WILLIAM S. SMERDON

TELEPHONE (760) 344-8121
FAX (760) 344-6900

October 26, 2001

Ronald Serna
Law Office of Ronald Serna
1005 State Street
El Centro, California 92243

Re:  My Client:    City of Calipatria
     Your Client:  Frank Andrade, Jr.

Dear Mr. Serna:

This will confirm receipt of your client's claim for damages pursuant to the tort claims act dated October 16, 2001, by the City of Calipatria.

Notice is hereby given that the claim was rejected on October 23, 2001.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the -mail to file a court action on this claim.  See Government Code Section 945.6.

Very truly yours,
KRUTZSCH & SMERDON, L.L.P.

William S. Smerdon

City Attorney

EXH B

**RONALD E. SERNA, Esq.**
**LAW OFFICE OF RONALD E. SERNA**
Attorney at Law
1005 State Street
El Centro, CA  92243
Office::   (760) 352.3130
Facsimile: (760) 352.4763
sernalaw@msn.com

**October 16, 2001**

RECEIVED
OCT 17 2001
CITY OF BRAWLEY
OFFICE OF CITY MANAGER

## *CLAIM AGAINST PUBLIC ENTITY*
(Government Code §§ 905, 905.2, 910, 910.2)

TO:   CITY OF BRAWLEY
City Hall
400 Main Street
Brawley, Ca  92227

FRANK ANDRADE, Jr., Claimant, hereby makes claim against the CITY OF BRAWLEY and the BRAWLEY POLICE DEPARTMENT and makes the following statements in support of the claim:

1.    Claimant's post office address is P.O. Box 1178, Calipatria, California 92233.

2.    Notices concerning the claim should be sent to claimant and Ronald E. Serna, Attorney at Law, 1005 State Street, El Centro, California 92243.

3.    The date and place of the incident giving rise to this claim are April 27, 2001, or early hours of April 28, 2001, while at Pioneer's Memorial Hospital.

4.    The circumstances giving rise to this claim are as follows:

At the above noted date and time, claimant was operating his vehicle in the City of Calipatria. Calipatria Police stopped his vehicle because they claimed the vehicle claimant was operating allegedly matched the description of a stolen vehicle. Claimant was subsequently arrested for drunk driving. At Pioneer's hospital, claimant again states to Calipatria police his desire/demand to take a urine test. Claimant also explains to Calipatria Police his reasons for not wanting to take the breath test and his reasons for not wanting to have

EXH C, P1

City of Brawley
re:     Frank Andrade
October 16, 2001
page - 2 -

blood drawn. Claimant also explains to the Doctor at Pioneers Hospital that he doesn't want his blood drawn. The Doctor then refuses to draw blood because of claimants requests/demands. The doctor tells Calipatria Police that he can't forcibly take claimants blood. Calipatria Police Officer gets more enraged and hostile, and calls for back-up. Three (3) other Police Officers arrive. It is believed these officers are Brawley Police Officers. A discussion is held between Calipatria Police and these officers. The Police confront claimant. A struggle ensues between these officers and claimant, with the officers using unreasonable and excessive force in an attempt to draw claimants blood. Claimant then concedes to the excessive force and informs the Police he will let them draw his blood. Claimant again also requests they either undue or loosen the handcuffs. Calipatria Police states, "I've had enough of your shit". The Police continue applying excessive and unreasonable force to withdraw claimants blood. Two (2) vials of blood are taken from claimant. Claimant is then taken back to County Jail and booked.

5.     Claimant's injuries are: pain and suffering, mental stress, anguish and humiliation, swelling and bleeding of wrist, bruising and strain upon his physical person.

6.     The names of the public employee's causing the claimant's injuries are:

Eric Granado, Calipatria Police Department.
Three (3) unknown Police Officers, believed to be from Brawley Police Department..

7.     As a result of the wrongful conduct of the Brawley Police, claimant's claim is in an amount that would place it within the jurisdiction of the Superior Court. The claim is based on physical and mental damages, in an amount to be proven.

DATED:     October 16, 2001

RONALD E. SERNA
On Behalf of Claimant
FRANK ANDRADE

EXH C, p.2



# CITY OF BRAWLEY


**NOV 2 7 2001**

CITY HALL
400 MAIN ST. - PLAZA PARK
BRAWLEY, CALIFORNIA
92227
PHONE: 344-9222
FAX: 344-0907

JANET P. SMITH, CMC
CITY CLERK

## NOTICE OF REJECTION OF CLAIM

Frank Andrade, Jr.
c/o Ronald E. Serna
Attorney-at-Law
1005 State Street
El Centro, California 92243

Re:    Frank Andrade, Jr.  v. City of Brawley

NOTICE IS HEREBY GIVEN THAT THE CLAIM THAT YOU PRESENTED to the City
Council of the City of Brawley, in the matter of Frank Andrade Jr.  v. City of Brawley, on
October 17, 2001, was rejected by the City Council at their regular meeting held on the 20th
day of November, 2001.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was
personally delivered or deposited in the mail, to file a court action in a municipal or superior
court of the State of California on this claim.  Refer to Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter.  If you
desire to consult an attorney, you should do so immediately.

DATED:       November 21, 2001

DATE OF INCIDENT:       April 27, 2001

*Janet P Smith*
Janet P. Smith, City Clerk

Certified Mail/Return Receipt Requested 7000-1670-0008-6500-5379

EXH D

use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** FRANK ANDRADE JR

**DEFENDANTS** City of CALIPATRIA, HENRY GRAHAM, REGGIE Gomez; ERIC GRANADOS, Three (3) Unknown Police Officers

(b) County of Residence of First Listed Plaintiff Imperial
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Imperial
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
02 APR 26 AM 10:58
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:                    DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
RONALD E SERNA   760.352.3130
ATTORNEY AT LAW
1005 STATE ST.
EL CENTRO Ca 92253

Attorneys (If Known)

'02 CV 0807 H (LAB)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** ☐ 362 Personal Injury— Med. Malpractice | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) |
| **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) |
| ☐ 210 Land Condemnation | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

Other Statutes column (continued): ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes; ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USC § 1983, EXCESSIVE POLICE FORCE

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE                    DOCKET NUMBER

DATE 4/25/02
SIGNATURE OF ATTORNEY OF RECORD Ronald E Serna

**FOR OFFICE USE ONLY**
RECEIPT # 08726   AMOUNT $150.00   APPLYING IFP   JUDGE   MAG. JUDGE